This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40543**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellant,

v.

**ZAENAN CHIARAMONTE,**

      Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Courtney Bryn Weaks, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}**    This matter was submitted to this Court on the brief in chief, pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Twelfth Judicial District Court in *In re Pilot Project for Criminal Appeals*, No. 2021-002, effective September 1, 2021. Having considered the brief in chief, concluded it provides no possibility for reversal, and determined that this case is appropriate for resolution on Track 1 as defined in that order, we affirm for the following reasons.

**{2}** This case presents the issue of whether Defendant was adequately apprised of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966). We note, as the State points out, that *State v. Atencio*, 2021-NMCA-061, 499 P.3d 635, *cert. granted* (S-1-SC-38869, Nov. 5, 2021), addresses a similar issue. Specifically, in *Atencio*, this Court concluded that "the *Miranda* warnings [the d]efendant received did not adequately convey the right to the presence of an attorney *prior to and during* [the d]efendant's custodial interview with law enforcement." *Id.* ¶ 3 (emphasis added). The State recognizes that although our Supreme Court granted certiorari in *Atencio*, the case remains controlling authority on this point, and the State filed the instant appeal to preserve the issue, in the event that *Atencio* is reversed. [BIC 1]

**{3}** Defendant moved to suppress his statements to the police on the basis that the *Miranda* warning he was given was inadequate. [1 RP 177-81] After the district court entered an order granting Defendant's motion to suppress, the State filed a timely motion to reconsider, which the district court denied. [1 RP 192-94, 238-48; 2 RP 280-84] It is from these orders that the State appeals. "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Paananen*, 2015-NMSC-031, ¶ 10, 357 P.3d 958 (internal quotation marks and citation omitted). The appellate court reviews "factual matters with deference to the district court's findings if substantial evidence exists to support them, and it reviews the district court's application of the law de novo." *State v. Almanzar*, 2014-NMSC-001, ¶ 9, 316 P.3d 183.

**{4}** The detective who interviewed Defendant gave the following *Miranda* warning before Defendant was questioned:

> You have the right to remain silent. Anything you say can and will be used against you in a court of law. You have the right to an attorney and have him present with you while you are being questioned. If you cannot afford . . . an attorney, one will be appointed to you by the State of New Mexico free of charge.

[1 RP 233] Defendant initialed and signed an advisement of rights that contained this same warning [1 RP 204], and then waived his rights and spoke with the police [BIC 2].

**{5}** Relying on *State v. Serna*, 2018-NMCA-074, 429 P.3d 1283, the district court determined that the warning given to Defendant "did not reasonabl[y] convey, explicitly or implicitly, [Defendant's] right to counsel prior to questioning." [1 RP 233-34] The State acknowledges that in *Atencio*, this Court held that a *Miranda* warning telling the defendant he had "a right to a lawyer" was inadequate, *Atencio*, 2021-NMCA-061, ¶ 34, and stated that "an individual subject to custodial interrogation must be informed that he has a constitutional right, among others, to the 'presence of an attorney, either retained or appointed' before and during questioning." *Id.* ¶ 35 (quoting *Miranda*, 384 U.S. at 444). The State appeals, not attempting to distinguish *Atencio* but instead arguing that the warning given in this case was adequate under *Serna*. [BIC 3]

**{6}** In *Serna*, the officer warned the defendant he had "the right to an attorney during any and all questionings." 2018-NMCA-074, ¶ 3. In determining the adequacy of the warning, this Court considered "two primary questions: (1) does *Miranda* require that a person subject to custodial interrogation be warned of that person's right to have counsel present prior to questioning; and (2) if so, was this right reasonably conveyed by the warnings given by [the deputy]?" *Id.* ¶ 17. After answering the first question in the affirmative, this Court assessed the warning the defendant was given to answer the second question. *See id.* ¶¶ 21-22. Reasoning that "the word 'during' is pivotal" because it "modifies the phrase 'you have a right to an attorney' and restricts that right to the duration of any questioning by law enforcement," *id.* ¶ 23, *Serna* held that "by implying that the right to counsel would be effective only during the interrogation, the warnings given by [the deputy] to [the d]efendant placed a misleading temporal limitation on the full right to counsel under *Miranda*." *Id.* ¶ 25.

**{7}** To distinguish *Serna*, the State highlights the language of the warning given to Defendant: that he had "the right to an attorney *and* have him present with you while you are being questioned." [BIC 3] The State contends that advising Defendant before questioning that he had the right to an attorney meant that he had this right from that moment on, without the "during" qualification at issue in *Serna*. [BIC 3] This was because, the State reasons, the warning contained an additional clause that made it clear Defendant also had the right to have the attorney present during questioning. [BIC 3] We disagree.

**{8}** Like *Serna*, the warning, "You have the right to an attorney and have him present with you *while* you are being questioned," (emphasis added), did not convey that Defendant had the right to counsel *before* being questioned. The word "while" is a preposition and is defined as "during the time that." *Merriam-Webster Dictionary*, https://www.merriam-webster.com/dictionary/while (last visited Aug. 10, 2022). "A 'preposition' is a function word that typically combines with a noun phrase to form a phrase which usually expresses a modification or predication." *Serna*, 2018-NMCA-074, ¶ 23 (internal quotation marks and citation omitted). The word "while" modifies the phrase "you have the right to an attorney and have him present with you" and restricts that right to during the time Defendant is being questioned by officers. We are unpersuaded that the word "while," as used here, can be understood to convey that the right also meant prior to questioning by officers. While we remain cautious not to invalidate *Miranda* warnings that reasonably convey to the suspect the right to counsel both before and while being questioned, even if the warnings could have been stated more precisely, we conclude that the *Miranda* warnings given to Defendant failed to sufficiently convey Defendant's full rights under *Miranda*.

**{9}** Therefore, we affirm the district court's orders granting Defendant's motion to suppress and denying the State's motion to reconsider.

**{10}  IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**SHAMMARA H. HENDERSON, Judge**